UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS LUGO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-20 |
| | § | |
| THE GEO GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION TO TRANSFER VENUE

Pending is Defendant The GEO Group, Inc.'s (GEO's) motion to transfer this case to the Abilene Division of the United States District Court for the Northern District of Texas (D.E. 5). Plaintiff Carlos Lugo (Lugo) responded (D.E. 9) and GEO replied (D.E. 13).[1] For the reasons discussed below, the motion is GRANTED.

## BACKGROUND

GEO owns and operates correctional facilities across the country, including the Big Spring Correctional Center in Big Spring, Texas, which is located in the Abilene Division of the Northern District of Texas. GEO employed Lugo as an assistant warden there in September 2012. In February 2016, GEO launched an investigation concerning whether Lugo had an inappropriate relationship with a subordinate. Lugo alleges that the complaining GEO employee, Loretta Murphy, fabricated the allegations because of racial animus. Lugo met with GEO management employees, Chris Monks and Patrick Sleffel, and informed them that he believed he was being treated unfairly because of his race.

---

[1] Lugo objected (D.E. 14) to the inclusion of new evidence in GEO's reply (D.E. 13). The Court SUSTAINS the objection and does not consider the evidence.

The next day, Lugo was placed on administrative leave without pay pending an investigation.

A few months later, while Lugo was home in Jim Wells County, Texas, GEO's Director of Investigations, Priscella Miles (Miles), called him to set up a meeting. They met in San Antonio, where Miles works, and Miles asked Lugo to submit a written statement, which he drafted and emailed to GEO from his residence. GEO later terminated Lugo's employment.

Lugo filed this action asserting race and age discrimination and retaliation under Title VII of the Civil Rights Act of 1964. GEO argues that the case should be transferred to the Abilene Division of the Northern District of Texas for the convenience of the parties and witnesses and in the interest of justice under 28 U.S.C. § 1404(a).

## DISCUSSION

### A. Applicable Law

One of the specific venue provisions allows actions arising under Title VII to be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). However, Title VII's venue provision is tempered by 28 U.S.C. § 1404(a), which "empowers a district court to transfer 'any civil action' to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting 28 U.S.C. § 1404(a)); *see also In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003) (per curiam) (holding that district court abused discretion by not transferring Title VII case under § 1404(a)).

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." There is no dispute that this case could have been filed in the Abilene Division of the Northern District of Texas. The movant has the burden of showing that an alternative forum is more appropriate for the action. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) [hereinafter *Volkswagen II*] (en banc). To overcome the plaintiff's choice of venue, the movant must show good cause for the transfer, which exists when the transferee venue is clearly more convenient than the plaintiff's chosen venue. *Id.*

Courts consider various private and public interest factors in determining whether a transfer is appropriate. *Id.* The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203).

B. **Private Interest Factors**

1. **Relative Ease of Access to Sources of Proof**

This factor is analyzed in light of the distance that documents, or other evidence, must be transported from their existing location to the trial. *See Optimum Power v. Apple, Inc.*, 794 F. Supp. 2d 696, 701 (E.D. Tex. 2011). GEO argues that all of Lugo's employment records were generated from and continue to be maintained in Big Spring, Texas (D.E. 5-1, p. 2). Big Spring is around 100 miles from Abilene and around 400 miles from Corpus Christi. Lugo argues that this case involves a minimal amount of documentary evidence, and that because of technological advancements, the location of his employment records is irrelevant as they can be transmitted electronically. *See Sarmiento v. Producer's Gin of Waterproof, Inc.*, 439 F. Supp. 2d 725, 732 (S.D. Tex. 2006) ("Unless the documents are so voluminous that their transport is a major undertaking, the location of books and records is given little weight.") Lugo also argues that because the investigation was conducted from San Antonio, Texas and Florida, all the relevant documents are stored there.

There is no evidence that the documentary proof in this case is so voluminous that transportation to Corpus Christi would be impractical. Thus the Court finds that this factor weighs in favor of the case remaining in Corpus Christi.

2. **Availability of Compulsory Process to Secure Witnesses**

This factor generally applies to non-party witnesses, and "for purposes of this factor, current employees of a party 'should be considered party witnesses because they can be presumed to appear willingly on behalf of their party employer.'" *Coleman v.*

*Trican Well Serv., L.P.*, 89 F. Supp. 3d 876, 883 (W.D. Tex. 2015) (quoting *Vargas v. Seamar Divers Int'l, LLC*, No. 2:10-CV-178-TJW, 2011 WL 1980001, at *5 (E.D. Tex. May 20, 2011)). A court can compel the attendance of a witness for a trial, hearing, or deposition within 100 miles of where the witness resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(c)(1)(A). A court can compel the attendance of a witness for trial within the state where the witness resides, is employed, or regularly transacts business if the witness would not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B)(ii).

Here, GEO intends to call three former employees as witnesses: (1) Loretta Murphy, the person who reported the alleged inappropriate relationship; GEO contends that she is medically frail and would not be willing to travel to Corpus Christi for trial; (2) Itzel Vaquera, the person who was allegedly involved in the inappropriate relationship; and (3) Albert Quiroz, a former correctional officer who is expected to testify about the complaints that were received prior to Lugo's termination, as well as GEO's policies and procedures. GEO also intends to call Mike Wolever, an employee of the Federal Bureau of Prisons, to testify regarding Lugo's employment and GEO's policies and procedures. These nonparty witnesses reside within the Abilene Division of the Northern District of Texas, which is approximately 400 miles from the Corpus Christi Division. Thus, they can be compelled to attend trial only if they would not incur substantial expense. Travelling to Corpus Christi would require travel, meal, and lodging expenses.

Plaintiff identifies Al Kanahele (Kanahele), GEO's investigator, and Priscella Miles, GEO's Director of Investigations, as witnesses. Both witnesses are employees of GEO so securing their attendance at trial is not an issue considered under this analysis. Therefore, this factor weighs in favor of transfer.

3. **The Cost of Attendance of Willing Witnesses**

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. The inconvenience to witnesses includes consideration of additional travel time, meal and lodging expenses, and time away from their regular employment. *Id.* at 205. Greater weight is given to the convenience of key witnesses. "In considering the availability and convenience of witnesses, a court must concentrate primarily upon the availability and convenience of key witnesses." *Dupre*, 810 F. Supp. at 825. Therefore, "the convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.*, 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009).

GEO intends to call nine of its Big Spring Correctional Center employees as witnesses: Senior Warden John Oliver, Warden Lavaughn Garnto, Patrick Sleffel, Randy Collins, Magnus Ashibuogwu, Tayler Sousa, Cristiano Tovar, Brock Royal, and Brittany Randle. These witnesses are expected to testify about GEO's procedures, the events leading up to Lugo's dismissal, and the alleged improper relationship between Lugo and

his subordinate. GEO argues that the cost of obtaining the attendance of these witnesses in Corpus Christi is prohibitive.

Lugo contends that Corpus Christi is more convenient for him and the two GEO employees he intends to call to testify: (1) Kanahele who resides in California or Florida[2], and (2) Miles who resides in San Antonio, Texas. Lugo states that Corpus Christi's airport has more scheduled flights, destinations, and carriers than Abilene's small regional airport so Corpus Christi is more convenient for Kanahele. Regarding Miles, San Antonio is 143 miles from Corpus Christi compared to 245 miles from Abilene.

The Court find that this factor weighs in favor of transfer given the number of witnesses who would be required to travel to Corpus Christi from Big Spring, Texas. Transfer to the Abilene Division in the Northern District of Texas would significantly reduce travel, meal, and lodging expenses.

### 4. Other Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Plaintiff states that this factor is neutral. GEO contends that if trial proceeds in Corpus Christi, many of its security personnel, including high-level employees such as Wardens Oliver and Gartno, would be required to travel to Corpus Christi which would disrupt operations of the 3,000-inmate Big Spring facility. The Court finds that requiring numerous GEO employees to travel to Corpus Christi for trial would be burdensome to GEO's facility in Big Spring. Thus, this factor weighs in favor of transfer.

---

[2] Lugo alleges that Kanahele resides in Florida and GEO alleges that he resides in California.

The Court finds that the private interest factors clearly favor transfer of this case to the Northern District of Texas, Abilene Division.

## C. Public Interest Factors

### 1. Administrative Difficulties Flowing from Court Congestion

The focus of this factor is "'not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.'" *Rosemond v. United Airlines, Inc.*, No. H-13-2190, 2014 WL 1338690, at *4 (S.D. Tex. Apr. 2, 2014) (quoting *Siragusa v. Arnold*, No. 3:12-CV-04497, 2013 WL 5462286, at *7 (N.D. Tex. Sept. 16, 2013)). Courts often consider the median time interval from case filing to disposition in analyzing this factor. *Id.*; *ExpressJet Airlines, Inc. v. RBC Capital Mkts. Corp.*, No. H-09-992, 2009 WL 2244468, at *12 (S.D. Tex. July 27, 2009). The median time interval between filing and disposition in the Southern District of Texas is 23.1 months while the interval in the Northern District of Texas is 24.3 months. Because this difference is not substantial, the Court finds that this factor is neutral.

### 2. The Local Interest in Having Localized Interests Decided at Home

The local interest factor analyzes the factual connection that a case has with both the transferee and transferor venues. *Volkswagen I*, 371 F.3d at 206. "The location of the alleged wrong is of 'primary importance'" in venue determination. *Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922, 933 (S.D. Tex. 2004) (quoting *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 675 (S.D. Tex. 2003)).

Lugo contends that some of the events giving rise to his claims occurred in the Southern District of Texas. He was in Jim Wells County when he received the call from

Miles, and when he drafted and sent his written statement. Additionally, Lugo states that GEO maintains several facilities within the Corpus Christi Division of the Southern District of Texas so its employment practices impact residents here. However, the vast majority of the events giving rise to this action occurred in Big Spring, Texas, where Lugo was employed. The Court finds that this controversy has little connection to the Southern District of Texas. Thus, this factor weighs in favor of transfer.

### 3. The Familiarity of the Forum with the Law that Will Govern the Case

This factor does not apply to this case so it is neutral.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

This factor does not apply to this case so it is neutral.

The Court finds that the public interest factors clearly favor transfer of this case to the Northern District of Texas, Abilene Division.

## CONCLUSION

The private and public interest factors implicated in this case clearly favor transferring this case to the Abilene Division of the Northern District of Texas. Accordingly, GEO's motion to transfer (D.E. 5) is GRANTED. The Clerk is ORDERED to transfer this case to the Abilene Division of the Northern District of Texas.

ORDERED this 5th day of May, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE